Michael Vincent ADAMS a.k.a. Vincent Valachi *v.* STATE of Arkansas

CR 93-354                                         863 S.W.2d 285

Supreme Court of Arkansas
Opinion delivered October 18, 1993

*Austin & Osborne*, by: *Brenda Horn Austin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Michael Vincent Adams was convicted of five felonies: two counts of aggravated robbery and theft of property and one count of aggravated assault, a lesser included offense of attempted capital murder. Under the Habitual Offender Act, Adams was sentenced to two consecutive life sentences for the aggravated robberies, two concurrent ten year sentences for the thefts, and a concurrent fifteen year sentence for aggravated assault.

Michael Vincent Adams appeals from the judgment of conviction, contending the trial court erred in not suppressing his confessions on the grounds that they were involuntary or were elicited because he was not taken before a judicial officer without

unnecessary delay. Finding no error, we affirm the judgment.

Adams was arrested by police from the City of Rogers at about five o'clock on the afternoon of October 15, 1991. The arrest was pursuant to a warrant issued by the State of California. Around six o'clock, Adams asked to speak to Sgt. Mark Russell. Russell told Adams that he would talk to him as soon as he finished other duties. Russell returned about midnight and proceeded to take a statement from Adams until 3:30 a.m. The statement implicated Adams in several offenses but not in a recent robbery and theft at the Westside Elementary School.

On the following day Adams complained of chest pains and was taken to a Rogers hospital, returning later that afternoon. At 5:19 p.m. Russell again spoke with Adams and this time Adams implicated himself in the Westside incident.

Adams maintains that both confessions should have been suppressed because he was not brought promptly before a judicial officer and because the confessions were involuntary. The trial court denied the motion and both confessions were introduced at the trial.

Adams submits that under *Duncan v. State*, 291 Ark. 521, 726 S.W.2d 653 (1987), and *County of Riverside v. McLaughlin*, _____ U.S _____, 114 L.Ed. 49 (1991), his confessions should be excluded due to a violation of A.R.Cr.P. 8.1, which provides:

> An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay.

In the *Duncan* case we held that when a delay occurs in bringing a defendant before a judicial officer we will exclude a confession taken during the delay if: a) the delay was unnecessary; b) the evidence is prejudicial; and, c) there is a reasonable correlation between the confession and the delay. The delay need not have been the sole basis for the confession, it is enough if it reasonably appears it was a coefficient cause of the confession. Id., p. 529-530. *See Johnson v. State*, 307 Ark. 525, 823 S.W.2d 440 (1992).

In the *McLaughlin* case, *supra*, the Supreme Court held that when no probable cause hearing is conducted within

forty-eight hours following an arrest, the burden of proof shifts to the government to demonstrate the existence of a "bona fide emergency or other extraordinary circumstance" occasioning the delay. The court also pointed out that a probable cause hearing would not pass constitutional muster simply because it occurred within forty-eight hours of the arrest. The prompt arraignment rule could be violated under such circumstances if the probable cause determination was delayed unreasonably. *McLaughlin* continued:

> Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill-will against the arrested individual, or delay for delay's sake.

The issue then is whether there was an unnecessary delay and, if so, whether it warrants exclusion of the confessions under the *Duncan* test.

As to the first confession, within an hour of his arrest Adams asked to speak to Sgt. Russell and Russell met with Adams as soon as other matters were completed. Between midnight, when the interview began, and 3:30, when it ended, Adams confessed to all the crimes with which he was later charged except the Westside School robbery. We find no basis for the suppression of this confession either for unnecessary delay or for a causal connection between the confession and a lapse of time. The defendant's confession appears to have been entirely prompted by his own purposes. *See Branscomb v. State*, 299 Ark. 482, 774 S.W.2d 426 (1989).

At 5:30 on the following afternoon, Russell again interviewed Adams and took his confession to the Westside School robbery. Adams argues that the want of an appearance before a judicial officer on October 16 constitutes an unnecessary delay. We disagree, particularly in light of the fact that Adams's medical problems necessitated his spending part of that day at the hospital. The details of the events of October 16 are sketchy at best, but inasmuch as Adams had, at that point, been confined for less than twenty-four hours, it was not the state's burden to disprove that any delay in arraignment was simply for the sake of delay or was motivated by ill-will. Rather, it was appellant's burden to show that the delay was the precipitating cause of the

confession. We find no such proof in the record.

■ As to the argument the confessions were involuntary, there is no basis in fact. Adams alludes to his unhealthy state, lack of sleep, hours of questioning and the subtle coercion associated with his girlfriend and their daughter. He also points to the supportive testimony of a cell mate, who testified that he observed officers throw Adams down in the cell and jump on him. Adams's girlfriend testified that he had not slept the night of the 14th, but taking that proof at face value, Adams still had opportunities to rest between the arrest at 5:00 p.m. and the initial meeting with Russell seven hours later. Nor do we regard three and one-half hours as unreasonable on its face. It was Adams who requested the interview and there is no indication that he wanted a cessation. See Wainwright v. State, 302 Ark. 371, 790 S.W.2d 420 (1990).

As to the likelihood of subtle coercion, we can find no direct proof in support of that conclusion and Russell's testimony to the contrary is essentially unrefuted. In short, these issues turned altogether on credibility and we cannot say the findings of the trial court were clearly erroneous.

For the reasons stated, the judgment is affirmed.